UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HILL,<br><br>Defendant. | Case No. 3:20-cr-00329-JD-1<br><br>**SECOND ORDER RE MOTION TO SUPPRESS** |

This is the third round of a dispute about search warrants directed to defendant Eric Hill's cell phone and Google account. In round one, Hill challenged the original state search warrants, and the Court expressed the tentative view that they were questionable, especially with respect to the Google search. *See* Dkt. Nos. 58, 124. The government responded by obtaining new warrants from two federal magistrate judges. *See* Dkt. Nos. 93-1, 93-2. The government stated that it would not use any evidence obtained under the state warrants, and the Court concluded that challenges to the state warrants were moot. *See* Dkt. No. 72.

In round two, Hill challenged the federal warrants. His main contention was that the warrants were irredeemably tainted by evidence unlawfully obtained under the state warrants. *See* Dkt. No. 92. The Court issued a detailed decision that granted the challenge in part. *See United States v. Hill*, No. 3:20-cv-00329-JD-1, 2022 WL 2644102 (N.D. Cal. July 8, 2022); Dkt. No. 113 (same). In pertinent summary, the record established that the cell phone warrant was not the fruit of a poisonous tree, and suppression of the cell phone evidence was denied. The Court granted

suppression of the Google evidence "because the Google warrant was not supported by probable cause, and was little more than a fishing trip at the expense of Hill's privacy rights." *Hill*, 2022 WL 2644102, at *4; Dkt. No. 113 at 6.

For this third round, the government obtained in November 2022 yet another warrant to search Hill's Google account. *See* Dkt. No. 135-3 (2022 warrant). This latest version is said to address the Court's concerns by bolstering the probable cause presentation, limiting the time period of the search to the day of the charged crime, which was November 21, 2018, and reducing the number of search categories from seven to three. *See* Dkt. No. 135 at 3. The current warrant directed Google to provide account name information, Google Map data, and location history. *See* Dkt. No. 135-3 at ECF p. 33.

Hill now asks to suppress the evidence obtained under the 2022 warrant. Dkt. No. 132. The parties' familiarity with the record, and in particular the background information and discussion in the prior suppression order, is assumed. Suppression is denied.

Hill raises the concern that the government has gone to the well too many times for the Google warrant. *See* Dkt. No. 132 at 11-12. While the Court does not embrace Hill's suggestions of subterfuge or mockery, *see id.*, his point is not trivial. The government has asked a state court judge, two federal magistrate judges, and this Court on two occasions, to approve what is more or less the same search of Hill's Google account. There is a point where repeated applications for an overbroad warrant may raise questions of due process or even prosecutorial misconduct.

Even so, the record here does not rise to those levels. The government revised the 2022 warrant by sharply restricting its scope to the day of charged crime, and pruning the evidence requests down to three categories of location and map data. This was a substantial step back from the prior Google warrant, which sought several months of data ranging from the contents of Hill's emails to his online purchases, among other highly personal information. *See* Dkt. No. 135-2 at ECF pp. 3-5 (2021 warrant). To be sure, fighting the warrant battle multiple times has imposed a burden on Hill and his counsel, but this is not a situation where the government has behaved recklessly in pursuing evidence, or caused a material prejudice to Hill's defense. Consequently, the Court cannot conclude that "the extreme sanction of exclusion" is appropriate, *United States v.*

2

*Leon*, 468 U.S. 897, 916 (1984), even though, in Hill's words, the government has been "dogged" in pursuit of the Google warrant, Dkt. No. 132 at 1.

The narrowed scope of the 2022 warrant also informs the probable cause analysis. The prior warrant sought "all manner of information about Hill's Google accounts, including email communications, contacts, calendars, messaging services, photos, location information, payment records, and more." *Hill*, 2022 WL 2644102, at *5; Dkt. No. 113 at 8. It asked Google to hand over the contents of "all emails . . . draft emails, and deleted emails," as well as "all text, audio, and video messages associated with the account." Dkt. No. 135-2 at ECF p. 4. It defined a four-month period for the harvesting of this library of personal information, much of which had no discernible connection to the alleged crimes. *See id.* at ECF p. 3. In contrast, the 2022 warrant confined its reach to location-related data for the one day the robbery occurred -- far from a "general, exploratory rummaging" of the account. *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 857 (9th Cir. 1991) (internal quotation and citation omitted).

So narrowed, the affidavit's case for probable cause comes into clearer relief. The affidavit cites evidence that: (i) Hill was in the area of the robbery when it occurred, Dkt. No. 135-3 ¶ 69; (ii) Hill was involved in the robbery, *id.* ¶¶ 53-72; (iii) the hill___@gmail.com[1] account at issue was the recovery address for another email account linked to Hill's name and phone number, *id.* ¶ 4; (iv) Hill's cell phone used the Google Android operating system, *id.* ¶ 70; and (v) Google collects and retains location data for accounts as well as "the periodic location of Android devices," *id.* ¶ 34. Consequently, there was a reasonable basis for the magistrate judge to conclude that evidence relevant to the alleged crimes would be found in the data sought from Google, as set forth in Attachments A and B to the warrant application, *id.* at ECF pp. 32-34. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009).

In addition, the magistrate judge who approved the 2022 warrant was advised of the prior state and federal warrants, the Court's order suppressing evidence obtained from the Google account, and the text order denying the government's motion for reconsideration. *See* Dkt. No.

---

[1] The full email address is redacted in the interest of privacy.

3

135-1 ¶ 4 (Paulson declaration); Dkt. No. 135-3 ¶¶ 6-7.  Nothing was hidden from the magistrate judge with respect to the warrant disputes.

In these circumstances, the rationale for applying the exclusionary rule falls away.  *See Leon*, 468 U.S. at 916 ("[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates.").  The magistrate had the information he needed to exercise appropriate judicial supervision and consider whether the new application was tainted by any prior illegalities.  This was not a situation where the government tried to pull the wool over a judge's eyes.  *See United States v. Rettig*, 589 F.2d 418, 422 (9th Cir. 1978) (law enforcement's failure to advise a second judicial officer of a prior unsuccessful attempt to obtain a search warrant "would not necessarily invalidate the search warrant," but interfered with magistrate's ability to properly supervise).

Hill suggests again that evidence from prior unlawful searches motivated law enforcement to apply for the new warrant, was included in the affidavit, and informed the magistrate's decision to issue the warrant.  Dkt. No. 139 at 4, 7-8.  This is in effect the same argument he made unsuccessfully with respect to the cell phone warrant.  *See Hill*, 2022 WL 2644102, at *2-3; Dkt. No. 113 at 3-5.  The record does not support this argument for the same reasons.  *See* Dkt. No. 96-1 ¶¶ 4-5; Dkt. No. 135-3 ¶¶ 6-7, 49-50, 54-55, 61-69.

This is enough to deny Hill's motion.  It bears mention that the "good faith" exception to the exclusionary rule provides a separate and independent reason to deny it.  In the prior suppression order, the Court concluded that the exception did not apply to the 2021 Google warrant because the affidavit was "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'" and the warrant was "'so facially deficient . . . that the executing officers [could not] reasonably presume it to be valid.'"  Dkt. No. 116 (quoting *Leon*, 468 U.S. at 923).  As discussed, the revised application for the 2022 warrant was better, and presented "at least a colorable argument for probable cause."  *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) (internal quotation and citation omitted).  It was objectively reasonable for law enforcement officers to rely on the new warrant, notwithstanding this Court's suppression

order and concerns about prior warrants, because the magistrate had this information when he issued the warrant.

**IT IS SO ORDERED.**

Dated: December 9, 2022

JAMES DONATO
United States District Judge